UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES of AMERICA )<br>)<br>    v.                                                  )<br>)<br>KIRK LASSEND,                              )<br>)<br>    Defendant.                              )<br>) | Criminal Action No.<br>10-40019-FDS |

**MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE PURUSANT TO 18 U.S.C. § 3582**

**SAYLOR, C.J.**

This is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and (c)(2). In September 2010, a grand jury returned an indictment charging defendant Kirk Lassend with being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(e). He was convicted of those offenses on October 21, 2011, after a five-day jury trial. On March 2, 2012, he was sentenced to 235 months of imprisonment followed by five years of supervised release. (ECF No. 84).[1] He has now moved for compassionate release, alleging that his psoriatic arthritis makes him vulnerable to COVID-19 and that recent amendments to the Sentencing Guidelines would reduce his criminal history points. For the following reasons, the motion will be denied.

A federal court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, upon motion of the Director of the Bureau of Prisons,

---

[1] On October 23, 2013, the First Circuit affirmed defendant's conviction. (ECF No. 122). Also in October 2013, defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 140). The Court denied that motion on July 11, 2017, and the First Circuit affirmed this Court's decision on August 2, 2018. (ECF No. 198, 208).

or upon motion of the defendant after exhausting his administrative rights to appeal the failure of the Bureau of Prisons to bring such motion or the lapse of 30 days from submitting a request to the warden of his facility, whichever is earlier, a court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A).

Here, it appears that defendant has exhausted his administrative remedies. On August 1, 2023, he filed a request with the warden of USP Victorville for compassionate release. (ECF No. 218, Ex. 1). Because more than 30 days have passed since his submission, this Court has jurisdiction to consider his request. 18 U.S.C. § 3582(c)(1)(A).

In addition, a court may reduce a term of imprisonment upon motion of the defendant, the Director of the Bureau of Prisons, or on its own motion, if the defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C § 3582(c)(2).

In deciding whether to reduce a sentence under § 3582, a court must consider the factors set forth in 18 U.S.C. § 3553(a), including the nature and circumstances of the offense, the history and characteristics of the defendant, and applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The applicable policy statement, U.S. Sentencing Guidelines § 1B1.13, clarifies that "extraordinary and compelling reasons" include medical condition, age, family circumstances, or other reasons as determined by the Bureau of Prisons. *See* U.S.S.G. § 1B1.13; Bureau of Prisons Program Statement 5050.50 (2019). It also states that a court must find that "the defendant is not a danger to the safety of any other person or to the community" in order to grant compassionate release. U.S.S.G. § 1B1.13.

Defendant—who is 49 years old—contends that he is an "elderly inmate" with psoriatic

arthritis, an auto-immune disease, for which he receives biweekly Humira injections. (ECF No. 214, 1). He alleges that the injections "cause[] immune system shutdown and/or suppression, so [his] immune system is constantly compromised." (*Id.* at 1-2). "Because of his weakened immunity," he asserts in his supplemental motion, he "has not received the COVID vaccine or booster shots." (ECF No. 226, 4).

The record evidence does not support a finding that defendant's medical conditions or prison conditions make him particularly vulnerable to COVID-19 infection, let alone the kind of serious, debilitating impairment that would qualify as an extraordinary and compelling reason for release. Although defendant receives Humira injections for his psoriatic arthritis, he has presented no evidence that those injections render him unable to receive a COVID-19 vaccine. In addition, USP Victorville has only one open case of COVID-19 in a population of 4,253 inmates. *See Inmate COVID-19 Data*, FED. BUREAU OF PRISONS, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (accessed June 13, 2024). Given the low incidence of COVID-19 at the prison, and the lack of evidence that his medical condition prevents him from receiving the vaccine, there are no "extraordinary and compelling reasons" to release defendant based on his medical condition. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendant further contends that he is entitled to a sentence reduction because his criminal history points are "overstated." (ECF No. 226, 4). First, he notes that while "two points were added to [his] criminal history because the offense was committed while he was on a criminal justice sentence from the Worcester District Court," only one point would be added under the current Sentencing Guidelines in light of recent amendments to § 4A1.1(e). (*Id*). Second, he contends that the recently amended but not yet effective U.S.S.G. §5H1.1 permits the court to

disregard "three criminal history points for a New York offense committed when he was 17 years old." (*Id*).

Defendant is correct that if he were sentenced today under the amended U.S.S.G. § 4A1.1, he would be subject only to a one-point increase in his criminal history score. Accordingly, his criminal history score would have been 15 instead of 16 points. Nevertheless, defendant's criminal history category of six would have remained unchanged, and his sentencing guideline range would have remained at 235 to 293 months in prison. Because defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," he is not entitled to a reduction in his term of imprisonment.  *See* 18 U.S.C § 3582(c)(2).

As to defendant's claim concerning the recently amended but not yet effective §5H1.1, the Court will not disregard the three points included in defendant's criminal history score as a result of his robbery conviction at age 17. On May 20, 1992, defendant exited a motor vehicle in Queens, New York, approached a woman from behind, pushed a loaded handgun against her back, and took her handbag. (ECF No. 227, 5). Twenty minutes later, police arrested the defendant along with three of his companions and seized a handgun from the ground near one of the companions. (*Id.*). Unfortunately, such violent behavior was not an anomaly for the defendant. At age 21, he was convicted again for robbery after displaying what appeared to be a firearm, ordering five individuals against a wall, and robbing them of jewelry and cash. (*Id.*). Because of the seriousness of the 1992 offense as well as defendant's repeated criminal conduct, this Court finds that his criminal history points are not "overstated," but rather properly reflect his behavior. (ECF No. 226, 4).

Finally, the sentencing factors set forth in 18 U.S.C. § 3553(a) militate against release. Defendant was convicted of being a felon-in-possession of a firearm and ammunition after firing a gun on Day Street in Fitchburg.  (ECF No. 114, 9).  His criminal history also includes robbery with a loaded firearm, robbery with what appeared to be a firearm, possessing an unlawful weapon, unauthorized use of a motor vehicle, and attacking a volunteer at a youth center with a knife.  (ECF No. 227, 6, 11).[2]  Following his conviction in this Court, defendant's violent conduct continued.  His BOP Inmate Discipline Data record from 2012 through 2023 includes possessing a hidden five-inch metal weapon, being under the influence of drugs or alcohol, punching another inmate in the face and torso, and participating in fights with multiple inmates on at least three other occasions.  (*Id.* at Ex. 1).  Although defendant reports that "he has rehabilitated himself at an extraordinary level by engaging in a myriad of programming at the BOP," nothing in the intervening years has diminished the seriousness of his offense or the nature of his criminal history, and nothing in the record suggests that releasing him early from his prison term is appropriate.  (ECF No. 226, 5).  Such an outcome would not properly reflect the seriousness of his offense or provide adequate deterrence to criminal conduct.  *See* 18 U.S.C. § 3553(a).

For the foregoing reasons, defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) and (c)(2) is DENIED.

**So Ordered.**

Dated:  June 17, 2024

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

---

[2] While defendant was incarcerated for robbery, he also assaulted another inmate and was found in possession of a razor blade in his cell.  (ECF No. 277, 11).